**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| EDWIN LOPEZ and MERCEDES LOPEZ, : | |
| : | |
| Plaintiffs, : | |
| : | Civ. Action No. 16-2939-BRM-LHG |
| v. : | |
| : | |
| ROSE DIDONATO, PAUL DIDONATO, : | |
| VICTORIA DIDONATO, LARRY DONATO, : | |
| MONMOUTH COUNTY SOCIETY FOR THE : | |
| PREVENTION OF CRUELTY TO ANIMALS, : | |
| MATTHEW GIULIANO, VICTOR AMATO, : | |
| NEW JERSEY STATE SOCIETY FOR THE : | **OPINION** |
| PREVENTION OF CRUELTY TO ANIMALS, : | |
| JOHN DOE 1-10, JANE DOE 1-10, XYZ : | |
| CORPORATIONS 1-10, ABC : | |
| PARTNERSHIPS 1-10, and XYZ LLC 1-10, : | |
| : | |
| Defendants. : | |

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) Defendants Rose DiDonato, Paul DiDonato, and Victoria

DiDonato's (collectively, the "DiDonatos") Motion to Dismiss Plaintiffs Edwin Lopez and

Mercedes Lopez's (collectively, "Plaintiffs") claims against them pursuant to Federal Rule of Civil

Procedure 12(b)(6) (ECF No. 34); and (2) Defendants Larry Donato ("Donato") and New Jersey

Society for the Prevention of Cruelty to Animals' ("NJSPCA") (together with Donato, "NJSPCA

Defendants")[1] Motion to Dismiss Plaintiffs' claims against them pursuant to Federal Rule of Civil

---

[1] Collectively, the DiDonatos and NJSPCA Defendants are referenced as "Defendants."

Procedure 12(b)(6) (ECF No. 38).[2] Plaintiffs oppose both Motions. (ECF Nos. 44 and 43.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth herein, NJSPCA Defendants' Motion to Dismiss is **GRANTED** and all claims against them are **DISMISSED**. As all claims over which this Court has original jurisdiction are dismissed, pursuant to 28 U.S.C. § 1367(c) this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims against the DiDonatos. Therefore, Plaintiffs' claims against the DiDonatos are **DISMISSED**, the DiDonatos' Motion to Dismiss is **DENIED AS MOOT**, and the Court remands the matter to the Superior Court of New Jersey, Monmouth County.

## I. BACKGROUND

For the purposes of these Motions to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Mercedes Lopez is a volunteer at the animal rescue agency Perth Amboy Happy Homes Shelter ("Happy Homes"). (ECF No. 16 ¶ 1.) As part of her volunteer work for Happy Homes, Mercedes Lopez temporarily houses and cares for abandoned animals in the home she shares with her husband, Edwin Lopez, in Howell, New Jersey. (*Id.* ¶ 2.)

In late February of 2013, a dispute arose between Mercedes Lopez and the DiDonatos regarding the adoption of two (2) dogs, Chloe and Tyler. (*Id.* ¶¶ 9-35.) Plaintiffs allege that in retaliation for this dispute, on March 8, 2013, Rose DiDonato and Victoria DiDonato knowingly

---

[2] On March 16, 2017, this Court granted Defendants Matthew Giuliano ("Giuliano") and Monmouth County Society for the Prevention of Cruelty to Animals' (individually, "MCSPCA") (together with Giuliano, "Monmouth Defendants") and Defendant Victor Amato's ("Amato") Motions to Dismiss. (ECF Nos. 41 and 42.) Accordingly, only facts relevant to the pending motions are discussed below.

made a false report to the MCSPCA, claiming they had witnessed Mercedes Lopez mistreating animals in her care. (*Id.* ¶¶ 36, 43.)

Giuliano, an officer for the MCSPCA, was assigned to investigate Rose DiDonato and Victoria DiDonato's report. (*Id.* ¶¶ 36-37.) Giuliano contacted Donato, a detective for the NJSPCA, and they investigated the matter together. (*Id.* ¶ 38.) During the course of their investigation, Giuliano and Donato allegedly interviewed the DiDonatos and took photos of the outside of Plaintiffs' home, but did not contact Plaintiffs for questioning. (*Id.* ¶¶ 39-44.) According to the Amended Complaint, when Rose DiDonato and Victoria DiDonato were interviewed by Donato, they knowingly made false claims about Mercedes Lopez's treatment of animals. (*Id.* ¶ 43.) Additionally, Plaintiffs allege Paul DiDonato lied to Donato and/or Giuliano, claiming the DiDonatos had already paid to Mercedes Lopez the adoption fee for Chloe, even though they had not. (*Id.* ¶ 44.)

Plaintiffs assert the NJSPCA Defendants "were negligent in the conduct of their investigation of the facts alleged by the DiDonatos." (*Id.* ¶ 46.) Plaintiffs further assert Donato was aware the DiDonatos' claims were false, but nonetheless conspired to obtain a search warrant based on these false statements. (*Id.* ¶¶ 47-49, 90-92.) According to the Amended Complaint, Donato knowingly made false statements to the Superior Court of New Jersey, which caused the Superior Court to find probable cause to issue a search warrant for Plaintiffs' home. (*Id.* ¶¶ 45, 47, 92.)

Despite the fact that Donato allegedly lacked probable cause to justify the issuance of the search warrant, he, Giuliano, and Amato executed the search warrant on March 10, 2013. (*Id.* at ¶¶ 50-51.) When Donato, Giuliano, and Amato arrived at Plaintiffs' home, they allegedly demanded entry to the house, without identifying themselves as law enforcement personnel or

presenting the search warrant. (*Id.* ¶¶ 54-55.) Plaintiffs allege "[t]hat approach caused Mrs. Lopez great mental anguish and intentionally inflicted emotional distress on Mrs. Lopez." (*Id.* ¶ 56.) Furthermore, after gaining entry to the house, Donato allegedly "forcefully seized" Mercedes Lopez's phone and also "used unnecessary force against Mrs. Lopez by physically grabbing her and throwing her against a wall," which physically injured her. (*Id.* ¶¶ 59-62.) Plaintiffs allege "[d]uring the course of the execution of the search warrant, [Mercedes] Lopez became so distraught that she was transported to the hospital." (*Id.* at ¶ 63.)

Animals allegedly belonging to Mercedes Lopez were also seized during the search. (*Id.* ¶¶ 53, 64-70, 94.) Plaintiffs assert Donato and/or Giuliano and/or Amato coerced Edwin Lopez into consenting to the seizure of these animals by threatening to wrongfully seize Mercedes Lopez's personal pet, Pepe. (*Id.* ¶¶ 64-68.) Plaintiffs further assert Edwin Lopez had no connection with Happy Homes, and therefore "had no authority to relinquish ownership or otherwise consent to the removal of the animals from the home." (*Id.* ¶ 69.) Plaintiffs claim "Donato knew or should have known that [Edwin] Lopez had no authority to sign anything on behalf of Happy Homes." (*Id.* ¶ 70.)

Plaintiffs allege "[f]ollowing the execution of the search warrant, Plaintiffs were issued 52 summons [sic] related to the care and maintenance of the animals kept at Plaintiffs' home." (*Id.* ¶ 71.) At trial for the fifty-two (52) summonses (the "Howell Case"), Plaintiffs assert "Rose DiDonato admitted under oath that she lied to Donato regarding to the conditions she observed at Plaintiffs' house and that her statements that led to the issuance of the search warrant were false." (*Id.* ¶ 72.) Based on this testimony, the Municipal Court of Howell, New Jersey, allegedly dismissed all charges against Plaintiffs, except three (3) charges for "keeping an unlicensed cat,

keeping an unlicensed dog and maintaining an unlicensed kennel." (*Id.* ¶¶ 73-74.) It is unclear from the pleadings if Plaintiffs were ultimately convicted of these charges.

Plaintiffs assert "Donato and the DiDonatos conspired to wrongfully prosecute [Mercedes] Lopez and to inflict upon her severe emotional and financial distress." (*Id.* ¶ 96.) Plaintiffs further assert "Donato obtained the cooperation of the DiDonatos by offering them the permanent, uncontested possession of Chloe." (*Id.* ¶ 95.) Plaintiffs also claim Donato selectively enforced laws against Mercedes Lopez, because they were allegedly aware Rose DiDonato did not provide proper medical treatment to Tyler and gave Tyler to her neighbor for adoption without first obtaining proper medical clearance, but "she was not prosecuted as Mercedes Lopez was." (*Id.* ¶¶ 75-76.)

Plaintiffs claim that in addition to Donato, Giuliano, and Amato's personal biases against Plaintiffs, they also "singled out [Mercedes Lopez] for prosecution because she is a Hispanic Female." (*Id.* ¶ 104, Count Seven.) Plaintiffs contend in March 2015, a newspaper article reported Amato had been "accused of publishing via Twitter and text message, various racist and sexist message to his employees." (*Id.* ¶ 99.) Plaintiffs assert, prior to March 2015, they "had no reason to have knowledge of" Amato's allegedly racist and sexist biases. (*Id.* ¶¶ 99-102.)

Lastly, Plaintiffs allege Mercedes Lopez has "suffered damages, both monetary, physical, emotional and to her reputation as a result of Defendants' wrongful actions," (*id.* ¶ 112), and Edwin Lopez has "suffered the loss of the comfort, companionship and services of Mrs. Lopez as the result of the actions of Defendants," (*id.* ¶ 123).

Plaintiffs commenced this action on November 20, 2015, in the Superior Court of New Jersey, Law Division, Monmouth County. (ECF No. 1-1.) On May 24, 2016, the case was removed to federal court. (ECF No. 1.)

On July 18, 2016, Plaintiffs filed an Amended Complaint asserting three claims against the DiDonatos: (1) claims for making false statements about Plaintiffs to law enforcement officials with the intent of inducing law enforcement to take action against Plaintiffs (Count One); (2) claims by both Plaintiffs for slander and defamation (Count Two); and (3) claims by both Plaintiffs for loss of consortium. Plaintiffs assert five claims against NJSPCA Defendants: (1) claims by both Plaintiffs for selective enforcement of the law (Counts Three, Six, and Seven); (2) claims by both Plaintiffs for malicious prosecution (Counts Four and Five); (3) claims by both Plaintiffs for unreasonable search and seizure in violation of Plaintiffs' civil rights (Counts Eight, Nine, and Ten); (4) claims by Mercedes Lopez against Donato for use of excessive force against her[3] (Count Eleven); and (5) claims by both Plaintiffs for loss of consortium (Count Twelve).

On October 14, 2016, the DiDonatos moved to dismiss the claims against them, pursuant to Rule 12(b)(6) (ECF No. 34), and on December 30, 2016, NJSPCA Defendants did the same (ECF No. 38). Plaintiffs oppose both Motions to Dismiss. (ECF Nos. 44 and 43.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286

---

[3] While Plaintiffs allege in Count Eleven "Donato used excessive and unnecessary force," the count includes a demand for judgment against Monmouth Defendants. (*See* ECF No. 16 at 23.)

(1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DECISION

### A. Claims Against NJSPCA Defendants

Pursuant to the law of the case doctrine, this Court cannot re-decide issues that were already resolved in the litigation. *Pub. Interest Research Grp. Of New Jersey, Inc. v. Magnesium Elektron,*

*Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). Courts should not reconsider prior decisions from the same litigation absent extraordinary circumstances, such as "situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Id.* at 116-117 (citations omitted). As none of these circumstances apply to the pending motions, this Court will follow the decisions in its Opinion of March 16, 2017.

On March 16, 2017, this Court granted Amato's and Monmouth Defendants' motions to dismiss.[4] (ECF Nos. 41 and 43.) In dismissing the claims against Amato and Monmouth Defendants, the Court determined the following claims against Monmouth Defendants and Amato were barred by the statute of limitations: Plaintiffs' unreasonable seizure claims (Counts Eight to Ten); Mercedes Lopez's excessive force claims (Count Eleven); and Plaintiffs' selective enforcement claims (Counts Three, Six, and Seven). (ECF No. 41 at 16.) This Court found those claims accrued on March 10, 2013, the date Donato, Amato, and Giuliano executed the search warrant on Plaintiffs' home. (*Id.* at 10-12.) As of that date, Plaintiffs should have been aware they sustained the alleged injuries when the search of their home took place. (*Id.*) Therefore, Plaintiffs' claims against NJSPCA Defendants for unreasonable seizure (Counts Eight to Ten) and selective enforcement claims (Counts Three, Six, and Seven), and Mercedes Lopez's excessive force claims (Count Eleven) accrued on March 10, 2013, and are therefore barred by the statute of limitations and **DISMISSED**.

The Court also dismissed Plaintiffs' claims for malicious prosecution (Counts Four and Five), finding Plaintiffs did not suffer a deprivation of liberty within the context of a malicious

---

[4] Plaintiffs' opposition to NJSPCA Defendants' motion (ECF No. 43) was filed one day after the Court granted Amato and Monmouth Defendants' motions to dismiss, and Plaintiffs do not address the Court's opinion in their brief.

prosecution claim. (*Id.* at 19 (citing *Black v. Montgomery Cty.*, 835 F.3d 358, 367 (3d Cir. 2016)).) While Plaintiffs allege Mercedes Lopez's animals were seized on March 10, 2013, this Court determined the seizure was not the sort of pretrial custody or non-custodial restrictions that constitute a deprivation of liberty. (*Id.* at 19 (citing *DiBella v. Borough of Beachwood*, 407 F.3d 599, 602-03 (3d Cir. 2005)).) Therefore, the malicious prosecution claims (Counts Four and Five) against NJSPCA Defendants are **DISMISSED**.

The Court also dismissed Plaintiff's claims for loss of consortium (Count Twelve), as a loss of consortium claim is derivative of other claims. (*Id.* at 20 (citing *Murray v. Commercial Union Ins. Co. v*, 782 F.2d 432, 438 (3d Cir. 1986)).) Therefore, claims for loss of consortium (Count Twelve) against NJSPCA Defendants are **DISMISSED**.

## B. Claims Against the DiDonatos

As to Plaintiffs' claims for defamation, slander, and loss of consortium against the DiDonatos (Counts One, Two, and Twelve), this Court declines to exercise supplemental jurisdiction over these state law claims. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Del. Cty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284-85. Here,

because Plaintiffs' claims for defamation, slander, and loss of consortium are based purely on state law, they are not claims over which the Court has original jurisdiction. Therefore, at this early stage in the litigation, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims against the DiDonatos.

## IV. CONCLUSION

For the reasons set forth above, NJSPCA Defendants' Motion to Dismiss (ECF No. 38) is **GRANTED** and Plaintiffs' claims against NJSPCA Defendants are **DISMISSED**. Plaintiffs' claims against the DiDonatos are **DISMISSED** for lack of jurisdiction and the DiDonatos' Motion to Dismiss (ECF No. 34) is **DENIED AS MOOT**. The Court remands the matter to the Superior Court of New Jersey, Monmouth County. An appropriate Order will follow.

**Date: June 5, 2017**              */s/ Brian R. Martinotti*
                                     **HON. BRIAN R. MARTINOTTI**
                                     **UNITED STATES DISTRICT JUDGE**